# The American Buttonhole, Overseaming and Sewing Machine Company

## v.

# Morris Hays.

*Sales—Action for Misappropriation of Funds—Case—Evidence.*

In an action on the case for alleged misappropriation of the proceeds of certain machines, this court, upon a review of the evidence, sustains the finding of the court below for the defendant.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Warren County; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. I. M. KIRKPATRICK, for appellant.

Messrs. PORTER & McDILL, for appellee.

UPTON, J.   This is an action in case for an alleged misappropriation of sewing machines, moneys, notes and other property claimed as the property of the plaintiff.

The facts in the case, in brief, are, that prior to the 6th of October, 1886, the defendant was indebted to the plaintiff in the sum of about $324.35, for sewing machines, before that time sold and delivered to the defendant.

The defendant desiring to engage in other business, met the agent of the plaintiff on that day at Monmouth, defendant's place of business, to settle and adjust such indebtedness.

It is claimed by the defendant that he was anxious to pay up the notes which were then outstanding against him, given for these sewing machines, and which he supposed were then in plaintiff's possession, and satisfy plaintiff's claim against him, and to that end he proposed that if the plaintiff return and deliver up to him those notes, the defendant would transfer to the plaintiff the sewing machines then in his possession, about twelve in number, at a certain price which was agreed upon, amounting in the aggregate to the sum of $278, which would leave a balance due to plaintiff of $46.35, and which balance was to be paid by defendant, and that upon the delivery of said notes the machines should become the property of plaintiff, and the defendant would then proceed and sell the machines as the agent of the plaintiff, and account with it for the proceeds of such sales, the defendant receiving as compensation for services in making such sales all he could obtain over a certain sum named, being the original cost price of the machines in Chicago.

The defendant also claimed that the notes were never given up or delivered to him, or to any one in his behalf, but that plaintiff still keeps, and now has in its possession, said notes,

and the said proposition was never accepted or complied with by the plaintiff, and hence the machines remained the property of the defendant, and he is not liable in this form of action to the plaintiff.

The plaintiff claims that the sewing machines were in fact sold to and purchased by it on the 6th of October, 1886, of the defendant, at and for the price above stated, and that it left the said machines so purchased, as they were at the time of purchase, in defendant's hands and possession, as the consignee of the plaintiff, and that the sale was unconditional, and that defendant has sold the most of the said machines, and has misappropriated the machines and the proceeds of those sold.

In the Circuit Court on the trial of this case a jury was waived and the case was tried by the court, and, upon a hearing, judgment was rendered for the defendant, appellee. No requests were made by either party for special findings on questions of law, and the whole contention, therefore, rests upon questions of fact, which were found in the Circuit Court to be in accord with the defendant's claim. The evidence was sharply conflicting as to the effect and time of the contract of October 6, 1886, upon which the whole contention in the case rests.

It is, however, an uncontroverted fact in the case that the plaintiff did not return the notes given by defendant, as he proposed on the 6th of October, but did in fact, on the trial of this case in the court below, tender the same there, and then offered to surrender the notes to the defendant.

In addition to this, from correspondence between the parties and the statement of the accounts claimed by plaintiff to be still existing after the 6th of October, 1886, the date of the claimed settlement and sale of the machines to the plaintiff, these notes were claimed as still due from the defendant, and payment was demanded on the account, including the original purchase of these machines, making no claim that the plaintiff was the owner of the machines or was entitled to the proceeds of the sale thereof. In this entire correspondence the plaintiff demanded payment on the original claim, con-

tracted long prior to the 6th of October, 1886, and treated the relation between the company and the defendant as that of debtor and creditor, at least until July 13, 1887, at which time it demanded payment of the account rendered for the original sale of the machines, and giving no credit therein for the twelve machines now claimed to have been sold to it in liquidation of that account, as before stated. This was inconsistent with the contention of the plaintiff, and more than this, Mr. Wonder, an uncle of the defendant, called as a witness, testified that he was present at the time of the claimed sale of the machines to plaintiff, October 6, 1886, and his testimony tends strongly to support that of the defendant, as well as the subsequent acts and correspondence of plaintiff's agents, hereinbefore referred to.

We can not, therefore, say there was not sufficient evidence to support the finding and judgment of the Circuit Court, but, on the contrary, we are of the opinion that the Circuit Court was fully warranted by the evidence in its finding, and the judgment thereon rendered, and that judgment must be affirmed.

*Judgment affirmed.*